**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

MATTHEW A. TOBIN,

Plaintiff,

v. Case No. 5:26-cv-207-MW-MJF

CRANKFIELD, *et al.*,

Defendants.
_________________________________/

## REPORT AND RECOMMENDATION

Plaintiff has filed an amended complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. Docs. 5 & 7. Because Plaintiff has incurred three "strikes" and is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the District Court should dismiss this case.

### BACKGROUND

Plaintiff is an inmate in the custody of the Florida Department of Corrections ("FDC") housed at Santa Rosa Correctional Facility. Doc. 7 at 2. Plaintiff's Inmate Number is "P34138." *Id.*

On July 20, 2026, Plaintiff filed his initial complaint. Doc. 1 at 6. Plaintiff alleged—without specifying the relevant dates—, that two defendants sexually harassed him many times, while the remaining defendants either facilitated the harassment, failed to investigate or

prevent the harassment, or administratively punished and pepper sprayed Plaintiff for reporting the harassment. *Id.* at 6–7.

On August 4, 2026, the undersigned ordered Plaintiff to file an amended complaint including, among other things, the dates of the alleged incidents. Doc. 4 at 5 ¶ 5.

On September 24, 2026, Plaintiff filed the operative complaint, Doc. 7 at 1, which states "[p]lease refer to original complaint for exact recount of situations" and sets forth an abridged version of the same allegations without providing dates. Doc. 7 at 6–7.

## Discussion

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).

Plaintiff has incurred *at least* four strikes under section 1915(g):

- *Tobin v. Flowers*, No. 3:24-cv-621-LC-HTC (N.D. Fla. Mar. 18, 2025) (dismissing case under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim).

- *Tobin v. Fla. Dep't of Corr.*, No. 3:24-cv-356-MCR-HTC (N.D. Fla. Dec. 13, 2024) (dismissing case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim).

- *Tobin v. Cannon*, No. 25-10192 (11th Cir. Jan. 13, 2026) (dismissing appeal as frivolous).

- *Tobin v. Flowers*, No. 25-11075 (11th Cir. Oct. 17, 2025) (dismissing appeal as frivolous).

Plaintiff was incarcerated at the time he filed each of these cases, and each of these cases is attributable to Plaintiff insofar as they bear his name and FDC inmate number "P34138." These cases qualify as "strikes" under § 1915(g).

Because Plaintiff has incurred *at least* four strikes, Plaintiff may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). To fall within this exception, Plaintiff's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations are insufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Furthermore, allegations of past harm are not sufficient to invoke 1915(g)'s exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013).

To gain the benefit of the imminent danger exception, a plaintiff must allege imminent danger at the time he files suit in the district court, not at the time of the alleged incident that serves as the basis for the complaint. *Medberry*, 185 F.3d at 1193. Here, Plaintiff never alleges the dates on which the alleged incidents occurred, even after the undersigned ordered Plaintiff to specify such dates in the amended complaint. See Doc. 4. Accordingly, Plaintiff's allegations do not reflect that any serious physical injury was imminent at the time Plaintiff commenced this civil action, and Plaintiff is barred from proceeding *in forma pauperis*. The District Court, therefore, should deny Plaintiff's motion to proceed *in forma pauperis* and dismiss this civil action.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** the motion for leave to proceed *in forma pauperis*.

2. **DISMISS** this action without prejudice to Plaintiff initiating a new case accompanied by payment of the $405.00 fee in its entirety.

3. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this 14th day of October 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**